Gunter, J.
August 11, 1896, plaintiff in error entered into a contract witli defendants in error, pertinent parts of which are the following, to wit:
“Whereas, on the 11th day of June, A. D. 1896, there was rendered in the district court of the county of Lake, state of Colorado, a judgment and decree of foreclosure in a suit then and there pending in favor of the parties of the second part against the party of the first part, and
“Whereas, all the parties hereto are desirous of compromising and settling the said judgment;
“Now, therefore, in consideration of the premises, it is mutually agreed and understood by and between the parties hereto that the parties of the second part will accept the sum of eighteen thousand ($18,000) dollars with interest on said sum from the 3d day of July, A. D. 1896, at one per cent. (1 per cent.) per month, to be paid as hereinafter specified, in full consideration and satisfaction of settlement of said judgment and decree.
*522 “That the party of the first part, The Tabor Mines and Mills Company, will pay or cause to be paid all taxable costs which have accrued in the suit of James W. Newell et al. v. The Tabor Mines and Mills Company et al., in the district court of Lake County, state of Colorado, which costs shall be deducted by the parties of the second part from the first royalties to be by them received from The Ransom Leasing Company.
“That The Ransom Leasing Company which is at the present time the lessee of the Matchless Mine, situated in Lake county, state of Colorado, under and by virtue of a lease from The Tabor Mines and Mills Company dated the 10th day of July, A. D. 1895, shall pay to the parties of the second part or their heirs seven-eighths (%) of all royalties which have accrued and shall accrue under and by virtue of said mining lease from and after the 3d day of July, A. D. 1896, for the period of eighteen (18) months from the date of this contract * * * . That for the purpose of computing interest under' and by virtue of the terms of this contract it is hereby agreed and understood that interest on the sum remaining due on the first day of each month from and after the date of this contract at the rate of one per cent (1 per cent.) per month shall be computed and that such interest shall be first deducted from the amount of royalty at that time paid and unapplied, and that the balance of such royalty shall be applied upon the -principal sum then remaining due.
“That upon the execution of this contract the order of the district court of the county of Lake, state of Colorado, entered in the case of James W. Newell et al. v. The Tabor Mines and Mills Company et al., on the 24th day of June, AID. 1896, requiring the defendant, The Ransom Leasing Company, to- *523 deposit the royalties under sneh lease in the American National Bank of Leadville, Colorado, shall he set aside and for nanght held, and that all farther legal proceedings between the parties hereto shall be stayed for the period of eighteen .(18) months from the date of this contract, and that daring the period of said eighteen (18) months that parties of the second part shall not sell or canse to be sold nnder said decree of foreclosare the property mentioned and described in said decree.
“It is mntnally agreed and anderstood by and between the parties hereto that this contract is made and entered into withoat prejndice to the rights of the defendant, The Tabor Mines and Mills Company, to prosecate its writ of error in the coart of appeals or the snpreme coart of the state of Colorado at the expiration of the eighteen (18) months from the date hereof; provided said defendant shoald see fit so to do, and nothing herein contained shall prevent the said The Tabor Mines and Mills Company from completing its bill of exceptions and having the same signed, sealed and filed. # * ■*
“And it is farther agreed and anderstood that what is here done and proposed to be done is simply by way of a compromise of the matter now in sait; provided, however, that it is distinctly agreed and anderstood by and between the parties hereto that any and all sams of money which shall be received by the parties of the second part on accoant of royalties to them paid by The Bansom Leasing Company shall be considered as payment apon said judgment and decree, and shall not in any event be recoverable of or from the parties of the second part in any sait or action to be hereafter commenced against them by the said The Tabor Mines and Mills Company.
“It is farther agreed and anderstood that The *524 Tabor Mines and Mills Company reserves to itself the right at any time to satisfy and pay the said judgment and decree by paying to the parties of the-second part the balance of the said eighteen thousand ($18,000) dollars and interest as above specified, and that upon such payment and satisfaction the parties of the second part agree and bind themselves to enter of record a complete and full satisfaction and discharge of said judgment and decree.”-
The performance of this contract was entered upon, and the $18,000 not having been paid within the eighteen months fixed by the contract, a new contract’was made between the same parties on March 26, 1898, which, after setting out the foregoing agreement, proceeds:
“And, whereas, on the first day of February, 1898, there had been paid by The Ransom Leasing-Company to the parties of the second part under and by virtue of the terms of the foregoing contract the sum of four thousand, five hundred and thirty and fifty-seven hundredths dollars ($4,530.57)t and there remains due and unpaid on said date to the said parties of the second part on said sum of eighteen thousand ($18,000.00) dollars the sum of thirteen thousand, four hundred and sixty-nine and forty-three hundredths dollars ($13,469.43) ;
“And, whereas, all the parties hereto are desirous of extending the time within which the said The Tabor Mines and Mills Company may pay or cause to be paid to the parties of the second part the balance due them;
“Now, therefore, in consideration of the premises, it is mutually agreed and understood by and between the parties hereto.”
Then follow the same provisions as appear in the contract of August 11, 1896, as to the payment of royalty by The Ransom Leasing Company to the *525 parties of the second part, the computing of interest, the staying of legal proceedings between the parties, including the staying of all steps to sell the property covered by the decree of foreclosure. Then follows a new provision reading thus:
“And it is further agreed and understood that in the event that the royalties paid to the parties of the second part, as hereinbefore provided, within eighteen months from the date hereof shall not equal the sum of thirteen thousand, four hundred and sixty-nine and forty-three hundredths dollars ($13,-469.43) and interest as aforesaid, and in the event that the said The Tabor Mines and Mills Company shall within eighteen months from the date hereof fail to pay to the parties of the second part or their order the balance remaining due on said sum of thirteen thousand, four hundred and sixty-nine and forty-three hundredths ($13,469.43) dollars and interest as aforesaid, then and in that event the parties of the second part shall have the right to proceed under the decree of foreclosure referred to, and sell or cause to be sold the premises described in said decree for the purpose of realizing the sum of money found to be due them in and by said decree less whatever amount may have been paid thereon under contract dated August 11, A. D. 1896, and under this contract.”
Then follow provisions the same as in the original contract as to suing out a writ of error by plaintiffs in error, and completing bill of exceptions. Also the same provision that any and all sums of money received by defendants in error on account, of royalties from The Ransom Leasing Company should be considered as payments upon said judgment and decree, and shall in no event be recoverable of or from the parties of the second part. Then follows this provision, to wit:
*526 “It is further agreed and understood that The Tabor Mines and Mills Company reserves to itself the right at any time within eighteen months from the date hereof to satisfy and pay the said judgment and decree by paying to the second party the balance of the said sum of thirteen thousand, four hundred adn sixty-nine and forty-three hundredths ($13,-469.43) dollars and interest as above specified, and that upon such payment and satisfaction the parties of the second part agree and bind themselves to enter of record a complete and full satisfaction and discharge of said judgment and decree.” ■ ■
At the expiration of the eighteen months prescribed in the contract of March 26, 1898, plaintiff in error not having paid the indébtedness stated therein, to wit, $13,469.43, defendants in error advertised for sale, under the decree of June 11, 1896, the property covered thereby, to wit, the Matchless mine, for the purpose of collecting the balance due upon such decree after crediting thereon the royalties paid under the two contracts of August 11, 1896, and March 26, 1898. The notice of sale was dated December 2, 1899. The present action was instituted December 23, 1899, by the plaintiff in error (the judgment debtor in the judgment of June 11, 1896) to enjoin the sale, it taking the position that the contract of August 11, 1896, was an accord and satisfaction of the judgment of June 11, 1896, and that the contract of March 26, 1898, was an accord and satisfaction of the contract of August 11, 1896, and that upon its failure to comply with the contract of March 26, 1898, the only remedy that defendants in error had for the failure to pay the sum due from plaintiff in error to defendants in error was an action on the latter contract for damages.
If this contention be well made the judgment should be reversed; otherwise not.
*527 Let us examine the provisions of the contract of August 11, 1896, and also the provisions of the contract of March 26, 1898. By the former defendants in error as parties of the second part agreed:
1. During the period of eighteen months running from the date of the contract, not to sell under the decree of foreclosure the property described therein.
2. To accept $18,000.00 and costs of suit in satisfaction of the decree provided paid within time mentioned in the agreement, to wit, eighteen months.
3. That the royalties issuing from the lease of The Ransom Leasing Company which had been ordered paid into the court should he applied seven-eighths of them upon the $18,000.00 and costs above mentioned, and one-eighth thereof to plaintiff in error, the party of the first part.
4. That the amounts paid to defendants in error on account of the royalties should not in any event he recoverable from them, hut should he applied upon the judgment and decree.
Plaintiff in error agreeing:
1. Not to prosecute a writ of error to review the decree for the period of eighteen months from the date of the contract.
2. That the royalties mentioned should he applied as above stated, and whatever might he the issue of the contract they should he applied upon the judgment and decree, and not he recoverable from the parties of the second part.
3. That defendants in error should receive interest at the rate of one per cent, per month on the $18,000, in lieu of the statutory rate of -8 per cent, per annum upon the amount adjudged against plaintiff in error by decree.
" There was no obligation upon the part of plaintiff in error to pay the sum of $18,000 except. *528 through the application of the royalties issuing during the period of eighteen months out of the lease to The Eansom Leasing Company. The substance of this agreement was that the parties of the second part gave to the party of the first part the privilege for the period of eighteen months of discharging the amount of the decree by the payment of the sum of $18,000.00 and interest thereon at the rate of one per cent per month, and the cost of suit. And all that the party of the first part obligated itself to do was that seven-eighths of the royalties above mentioned should be paid to the parties of the second part for the period of eighteen months for the satisfaction of the judgment. If the judgment should not be satisfied in the manner thus provided, the amount of royalties paid was to be applied upon the judgment, and the parties of the second part were to be entitled to proceed to sell thereunder to collect the amount due thereon.
The contract made was not in itself an accord and satisfaction of the judgment. It did not become such by performance, because not performed. It was but a privilege to the party of the first part to satisfy the judgment within the prescribed time •in a certain manner and in a certain amount, and in default of this being done, the parties were relegated to their original rights under the judgment, and payments made under the contract to be credited upon the judgment and not to be recoverable in any event. The apparent expectation of the parties was that the royalties would amount to the $18,000 interest and cost within the eighteen months, and that thereby the decree would be satisfied. But they fell short of this. They only amounted to $4,530.57, being short the $18,000 by the amount of $13,469.43.
The parties to the original contract on March 26, 1898, for the purpose of extending it, entered *529 into a new contract of that date embodying the same terms as the original contract, except that it extended for the period of eighteen months the time of the payment of the balance then dne under the contract of August 11, 1896, and contained the explicit provision that, in the event the amount named by the new contract was not paid within the time fixed thereby that the parties should be relegated to the original decree. The provision referred to being the following, to wit:
“That in the event the royalties paid to the parties of the second part, as hereinbefore provided, within eighteen months from the date hereof shall not equal the sum of thirteen thousand, four hundred and sixty-nine and forty-three hundredths dollars ($13,469.43) and interest as aforesaid, and in the event that the said The Tabor Mines and Mills Company shall within eighteen months from the date hereof fail to pay to the parties of the second part or their order the balance due on said sum of thirteen thousand, four hundred and sixty-nine and forty-three hundredths ($13,469.43) dollars and interest as aforesaid, then and in that event the parties of the second part shall have the right to proceed under the decree of foreclosure referred to, and sell or cause to be sold the premises described in said decree for the purpose of realizing the sum of money found to be due them in and by said decree, less whatever amounts may have been paid thereon under the contract dated August 11, A. D. 1896, and under this contract.”
The contracts, to wit, the one August 11, 1896, and the -one of March 26, 1898, did not singly or together operate as an accord and satisfaction of the decree, they simply provided a means whereby the decree might be satisfied; but as the privilege was not availed of, the parties were thereupon rele *530 gated according to express terms of last mentioned contract to their rights under the decree — that is to say, the amount of the original decree, together with interest at the rate of 8 per cent, per annum, should be credited with the royalties paid, and the parties of the second part — the judgment creditors — then be entitled to sell the property covered by the decree, to collect the balance thus ascertained to be due thereon. This the lower court properly permitted them to do, and its judgment should be affirmed.

Affirmed.

Maxwell, J., not sitting.